# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 523 | **DATE** | March 14, 2012 |
| **CASE TITLE** | Adolph Henry Love, Jr. (N-70991) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [4] is granted and the trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's account in accordance with this order. Plaintiff's complaint is dismissed without prejudice. Plaintiff is given until April 18, 2012 to submit an amended complaint in accordance with this order. The clerk shall send Plaintiff an amended complaint form, along with a copy of this order. If the court receives no pleadings in response to this order within 30 days, this case will be summarily dismissed. The Clerk is directed to send Plaintiff an amended complaint form.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff Adolph Henry Love, Jr., currently a Stateville Correctional Center inmate who was previously incarcerated at the Cook County Jail, has filed a 42 U.S.C. § 1983 complaint against Cook County Sheriff Tom Dart, Cook County Board President Toni Preckwinkle, and Sergeant Harris. Plaintiff alleges that cell conditions at the Cook County Jail were deplorable and that he was housed in a cell for a period of time with a toilet that would not flush and that contained standing feces and urine.

    Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). His application indicates that he is unable to prepay the $350 filing fee. The court grants his motion and assesses an inital partial filing fee of $7.00. The trust fund account officer at Plaintiff's place of confinement is authorized to deduct, when adequate funds exist, this amount from Plaintiff's account and pay it to this court. Thereafter, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in Plaintiff's account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this filing fee obligation, and Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

    Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed as currently drafted. *See* 28 U.S.C. § 1915A. Plaintiff's complaint asserts two sets of claims. First, he states a litany of adverse conditions at the Cook County Jail. Second, he states that he was housed in a cell with a toilet that would not flush and that contained standing feces and urine.

    As to his first claim, Plaintiff states that cells were either too hot or too cold; cells had either no hot water or no running water; the ventilation system was inadequate; Divisions 5 and 6 were infested with insects and rodents; the unsanitary and unfavorable conditions created an atmosphere of anxiety and mental anguish; and jail officials, including Sheriff Tom Dart and Board President Toni Preckwinkle, turned a blind

| STATEMENT |
|---|

eye to these conditions. Such assertions about the general conditions of the jail, without any indication as to what conditions Plaintiff, himself, suffered fail to state a claim upon which this court can grant relief. A § 1983 claim must establish not only the deprivation of a constitutional right by a state actor, "but also that the violation caused the plaintiff injury or damages." *Roe v. Elyea* 631 F.3d 843, 864 (7th Cir. 2011). A litigant typically may not assert claims on behalf of others. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (a plaintiff lacks standing to seek relief for the constitutional violations of another person; the "adjudication of generalized grievances [is] more appropriately addressed in the representative branches"). Accordingly, the claims about general jail conditions fail to state a claim upon which this court can grant relief and are dismissed. Dart and Preckwinkle, who appear to be named only for these general claims, are also dismissed.

With respect to Plaintiff's allegations about conditions specific to his incarceration, which appear to begin with his lettered allegations on page 9 of the complaint, Plaintiff states that, as a result of him refusing an upper bunk assignment due to lower back pains, he was moved to another cell with another upper-bunk assignment in Division 5. Sergeant Harris was a supervisor in Division 5. Plaintiff's cell had a toilet with standing feces and urine that would not flush. The cell had poor ventilation and excessive heat, making the odor from the toilet worse. Harris refused Plaintiff and his cellmate's requests to use the dayroom bathroom, and Plaintiff was placed in disciplinary segregation for no reason (or possibly for complaining about his cell condition. (*See* Compl. at 9-11.) Although not entirely clear, it appears that Plaintiff was kept in the cell for a period of 14 nonconsecutive hours. (*Id.* at 10)

To succeed on a claim that the conditions of his confinement amounted to a constitutional violation, Plaintiff must establish that the deprivation was objectively "sufficiently serious" and that jail officials acted with subjective "deliberate indifference." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996); *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1040 (7th Cir. 1998) (applying Eighth Amendment conditions-of-confinement standards to claims by jail detainees). Although inmates cannot expect the amenities of a good hotel, they must be provided "the minimal civilized measures of life's necessities." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (citation omitted). Courts are careful to note that "exposure to human waste carries particular weight in the conditions calculus," *DeSpain v. Uphoff,* 264 F.3d 965, 974 (10th Cir. 2001); however, exposure to such a condition for only a short period of time may not rise to the level of a constitutional violation. *Id.*

Because it is unclear how long Plaintiff endured this particular condition, as well as his allegations that he needed, but was denied, a lower bunk, the complaint is dismissed. Plaintiff, however, will be allowed to submit an amended complaint to address these claims.

Accordingly, the complaint is dismissed without prejudice. To proceed with this case, Plaintiff must submit an amended complaint that states a valid claim. If he files an amended complaint, Plaintiff must submit a judge's copy and a service copy for each named Defendant. Also, if Plaintiff submits an amended complaint, this court will refer only to the amended complaint, and not to prior complaints, to determine the claims and parties to this suit. If Plaintiff does not submit an amended complaint within 30 days of the date of this order, the court will conclude that he no longer seeks to proceed with this suit and will dismiss this case.