# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 523 | **DATE** | May 11, 2012 |
| **CASE TITLE** | Adolph Henry Love, Jr. (N-70991) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's "Memorandum of Law" [#6] does not comply with the court's 3/14/12 order, which directed him to submit an amended complaint stating a valid civil rights claim. The order instructed Plaintiff on how to properly attempt to state claims, and it warned Plaintiff that his failure to comply would result in dismissal. Given Plaintiff's failure to submit an acceptable amended complaint and because his pleadings reflect that he cannot file such a complaint, the Clerk is directed to enter judgment dismissing the case with prejudice.

■[ For further details see text below.]                    Docketing to mail notices.

## STATEMENT

Plaintiff Adolph Henry Love, Jr., an inmate now incarcerated at Shawnee Correctional Center, seeks to bring this 42 U.S.C. § 1983 suit about conditions at Cook County Jail. Naming Cook County Sheriff Tom Dart, Cook County Board President Toni Preckwinkle, and Cook County Jail Sergeant Harris, Plaintiff alleged two sets of claims: first, conditions at the jail were deplorable, and second, he was housed in a cell for 14 hours with a toilet that would not flush and that contained standing feces and urine. The Court dismissed the complaint upon determining that Plaintiff had not sufficiently stated valid § 1983 claims. The Court permitted Plaintiff to submit an amended complaint to cure the deficiencies in the original complaint. Plaintiff has responded not with an amended complaint as directed, but with a "Memorandum of Law in Support of Complaint." Plaintiff's failure to follow the Court's clear instructions warrants dismissal, as the Court warned Plaintiff. Additionally, even if the Court construed Plaintiff's Memorandum as an amended complaint, it is now clear that Plaintiff cannot present valid claims to proceed with this case.

As to his first claim or set of claims, Plaintiff complained generally about conditions at the jail. He stated that cells were either too hot or too cold; cells had either no hot water or no running water; the ventilation system was extremely poor; Divisions 5 and 6 were infested with insects and rodents; the unsanitary and unfavorable conditions created an atmosphere of anxiety and mental anguish; and jail officials, including Sheriff Dart and Board President Preckwinkle, turned a blind eye to these conditions. As noted in the Court's prior order, assertions about general jail conditions, without any indication regarding what conditions Plaintiff experienced himself, do not state a claim upon which the Court can grant relief. A § 1983 claim must establish not only the deprivation of a constitutional right by a state actor, "but also that the violation caused the plaintiff injury or damages." *Roe v. Elyea* 631 F.3d 843, 864 (7th Cir. 2011). A litigant typically may not assert claims on behalf of others. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (a plaintiff lacks standing to seek relief for the constitutional violations of another person, and the "adjudication of generalized grievances [is] more appropriately addressed in the representative branches"). The Court therefore dismissed these claims but gave Plaintiff leave to submit an amended complaint stating and clarifying what conditions he himself experienced.

Plaintiff's Memorandum, like his complaint, again lists general conditions at the jail without stating how he, himself, was affected. His Memorandum thus clarifies that he seeks to file this suit to address jail conditions in general, as opposed to conditions that directly affected him. He states that upon entering the jail, he noticed several conditions amounting to health code and constitutional violations: poor ventilation due to dust, trash, and possibly asbestos in vents; some cells are too hot; other cells are too cold; some cells have no hot running water;

other cells have no running water; and toilets often back up and overflow, preventing inmates from flushing. According to Plaintiff, some inmates remain in their cells for weeks with a non-flushing toilet. Showers in Divisions 5 and 6 allegedly have slimy and scummy walls and standing water around clogged drains, causing athlete's foot, an infestation of flies and bugs, as well as mold and mildew. Plaintiff further asserts that the jail needs to upgrade its control of insects and rodents to combat health problems of inmates. Plaintiff contends that the "lack of official responsibility has resulted in an environment which aggravates existing health problems, increases the demands of limited health care services, and fosters the outbreaks of disease." ( Memorandum at 4-5.)

It is now abundantly clear that Plaintiff seeks to raise general claims about the conditions at Cook County Jail, as opposed to claims that are specific to him. With the exception of one of his claims (discussed below), Plaintiff's assertions concern general conditions applicable to numerous inmates. As previously noted, Plaintiff cannot raise constitutional claims on behalf of others, and a federal suit is not the forum for his complaints that are not specific to him. *Id.*; *see also Roe v. Elyea* 631 F.3d at 864.

With respect to the one claim that is specific to Plaintiff – his allegation that he was housed in a cell for 14 hours with a backed up toilet containing feces and urine – this condition, though unfortunate, does not rise to the level of a federal constitutional violation. Inmates are constitutionally entitled to "minimal civilized measure of life's necessities." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006). Minimal decency requires jails and prisons to provide reasonably adequate sanitation. *Id.*; *see also Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007) (conditions of confinement claims of pretrial detainees are governed by the Fourteenth, as opposed to the Eighth, Amendment, but cases addressing conditions of prison confinement may be applied to cases by pretrial detainees).

When examining a conditions of confinement claim, a court considers the circumstances, nature, and duration of the conditions. "While no single factor controls the outcome of these cases, the length of exposure to the conditions is often of prime importance." *DeSpain v. Uphoff,* 264 F.3d 965, 974-75 (7th Cir. 2001). In *DeSpain*, the court considered thirty-six hours to be a short duration of time, requiring the plaintiff to demonstrate "significant deprivations in order to state a successful conditions of confinement claim." *Id.* The condition in *DeSpain* (flooding, unavailability of toilet, and exposure to other inmates' waste for 36 hours) was considered a sufficiently significant condition. *Id.*; *see also Vinning-El v. Long*, 482 F.3d 923, 923-24 (7th Cir.2007) (allegations of confinement for six days in a cell with blood and feces smeared the walls, water covering the floor, and a sink and toilet that did not work stated an unconstitutional condition); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir.1989) (allegations of confinement for three days in a cell with no running water, human waste smeared on walls, and no cleaning supplies were sufficient to state a constitutional claim). Relatively short durations of an adverse condition do not indicate a constitutional issue. *Clark v. Spey*, No. 01 C 9669, 2002 WL 31133198, at *2-3 (N.D. Ill. Sept.26, 2002) (inmate held in cold cell with no toilet for several hours overnight failed to state a claim); *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours in cell without a toilet did not amount to a constitutional violation).

Plaintiff's assertion that he was kept for 14 hours in a cell with a backed up toilet that did not work and that contained standing feces and urine, though it describes an obviously unpleasant condition, does not reflect a violation of his federal constitutional right to the "minimal civilized measure of life's necessities" that would create a substantial risk to his health. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Accordingly, because Plaintiff did not comply with the court's prior order and because his pleadings demonstrate clearly that the allegations he seeks to assert do not state valid § 1983 claims, the court dismisses this case with prejudice.